## Patton *versus* Minesinger.

Admissions by an agent, when he is about the doing of some act within the scope of his delegated authority, are evidence against the principal, but naked declarations which are not part of any *res gesta* are not admissible.

ERROR to the Common Pleas of *Beaver county.*

This was an action of debt brought by Christina Minesinger against the executors of Samuel Patton, deceased. Patton had been the administrator of Joseph Minesinger, a son of plaintiff; and settled his account, in which a balance of $1612.16 was ascertained to be in his hands. This suit was brought to recover a balance due, part of the above-stated sum. On the trial the defendants produced several receipts, the last of which was dated on the 11th September, 1847, and was for the sum of $100. They alleged that the entire balance had been paid by Samuel Patton in his lifetime, for which no receipts were taken; or, if taken at the time, that they were lost.

In support of this allegation, the defendants proved that the plaintiff, who was old and infirm, had appointed her son, John Minesinger, her agent, to collect this money and attend to the settlement with Samuel Patton; and then offered to prove that the agent, in conversations with witnesses, prior to the date of the receipt for $100, had said that Samuel Patton had paid the whole amount due except $100. This was objected to by plaintiff's counsel, and rejected by the Court; to which defendant excepted.

The jury found for the plaintiff $175.96.

The rejection of the testimony offered by the defendants was the error assigned.

*Fetterman,* for plaintiffs in error.—These declarations were made during the continuance of the agency. His receipt would have been evidence, and that was no more than a written declaration: 3 *Barr* 473; 8 *Watts* 393; 9 *Barr* 28; 7 *Watts* 39.

*Cunningham,* for defendant in error.—The declarations were not made while he was doing any act in relation to the agency.

[Patton *v.* Minesinger.]

Declarations of an agent are only admissible as part of the *res gesta: Story on Agency*, §§ 134, 135, 137; 2 *Stark. Ev.* 24; 10 *Ves.* 123; 8 *Bing. R.* 451; 3 *Wash. C. C. R.* 500; 4 *Wend.* 382; 24 *Pick.* 39, 242; 8 *Watts* 392; 7 *Ser. & R.* 106. Where not made at the time of the act, are not evidence: 4 *Rawle* 291; 6 *Watts* 487; 3 *Litt.* 127; 7 *Wend.* 446; 13 *Ala.* 641. His subsequent declarations are not received against the principal: 7 *Greenl.* 421; 4 *Cush.* 93; 11 *Humph.* 67; 11 *Ill.* 648; 6 *Cush.* 93.

BLACK, J.—This was an action of debt, in which the plaintiff below claimed and recovered $175. Proof was offered by the defendant, and rejected, to show that the plaintiff's son had been employed as her agent to collect this debt; and that he had declared to a witness that it was all paid but $100.

Words spoken by an agent, when he is about the doing of some act within the scope of his delegated authority, are evidence against the principal, because the words are part of the act, and tend to explain or characterize it. But naked declarations, which are not part of any *res gesta*, are not admissible. They are mere hearsay, like words spoken by a stranger. In this case the declarations of the agent were not made in any sort of connexion with the performance of his duties as agent. The evidence was rightly rejected.

Judgment affirmed.